# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

In re:  
Bruce A. Nedegaard,

       Debtor.

Bankruptcy No. 06-42800

_____

Mortgage Electronic Registration
Systems, Inc.; MidAmerica Mortgage
Corporation; and Indymac Bank FSB,

       Appellants,

       v.

Julia A. Christians,

       Appellee.

**MEMORANDUM OPINION  
AND ORDER**  
Civil No. 07-4542 ADM

_____

Will R. Tansey, Esq., and Michael L. Meyer, Esq., Ravich Meyer Kirkman McGrath & Nauman, PA, Minneapolis, MN, for Appellants.

Jeffrey A. Timmerman, Esq., Lapp, Libra, Thomson, Stoebner & Pusch, Chartered, Minneapolis, MN, on behalf of Appellee.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Appellants Mortgage Electronic Registration Systems, Inc., MidAmerica Mortgage Corporation, and Indymac Bank FSB's ("Appellants") Appeal [Docket No. 1] of United States Bankruptcy Judge Robert J. Kressel's October 3, 2007, Order.  Judge Kressel granted Appellee Julia A. Christians' Motion for Summary Judgment declaring Appellants' mortgage lien interest in debtor Bruce A. Nedegaard's ("Nedegaard") real property void.  For the reasons set forth below, Appellants' Appeal is denied.

## II.  BACKGROUND[1]

Appellants acquired a mortgage interest in Nedegaard's real property located at 4025 Stinson Boulevard North, Columbia Heights, Minnesota, legally described as Lot 16, Block 1, Silver Lake Addition to Columbia Heights (the "property") on October 30, 2006.  Appellants' Br. at 3; Appellee's Br. at 2.  In exchange, the mortgage secures a loan of $670,000 to Nedegaard.  Appellants' Br. at 3; Appellee's Br. at 2.  The proceeds of the mortgage loan were used to satisfy two prior mortgages existing on the property as of October 20, 2002, and February 24, 2004.  Unsworn Rodriguez Decl. (Appellants' App. [Docket No. 6] No. 7] ¶ 4.  Proceeds of the loan were disbursed directly to the holders of the prior mortgages and Satisfactions of the Prior Mortgages were filed of record on November 13, 2006, and November 17, 2006 (the "Satisfactions").  Id. ¶ 7, Exs. C, D.  The Satisfactions for the prior mortgage loans state the original dates of the mortgages, the dates the mortgages were recorded, and a notice that the mortgages had been fully paid and satisfied.  Id.  Appellants did not record their mortgage on the property until February 5, 2007.  Appellants' Br. at 3; Appellee's Br. at 2.

Nedegaard's bankruptcy case commenced on November 28, 2006.  Appellants' Br. at 3; Appellee's Br. at 2.  On April 18, 2007, Appellee Julia A. Christians, the trustee of the Chapter 7 bankruptcy estate (the "Trustee"), filed a complaint seeking to avoid Appellants' mortgage.  Am. Compl. (Appellant App. No. 1).  Because Appellants recorded their mortgage on February 5, 2007, after the November 28, 2006, commencement of Nedegaard's bankruptcy petition, the Trustee argued Appellants' mortgage was void.  Id.  Appellants asserted as an affirmative

---

[1] On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

defense that the Trustee's claim to avoid the mortgage was barred because the Trustee had inquiry notice of the mortgage based on her constructive notice of the Satisfactions. Appellants' Joint Answer (Appellants' App. No. 2) ¶¶ 27-28. Adopting the position of the Trustee, Judge Kressel declared the mortgage void. Judge Kressel reasoned as follows:

> And the suggestion that if you looked at the records, and certainly the Trustee is charged in her role as a bona fide purchaser with the existence of the satisfactions, but somehow the suggestion which goes too far because the suggestion really taken to its logical conclusion is, well, every property is subject to mortgages, I mean, I think that's what's being said here.
>
> And so every buyer has to assume there must be a mortgage somewhere. And so if you find a property with no mortgage on it, you should know better. I'm being somewhat sarcastic but I think that's really what the argument boils down to, that the fact that there was a satisfaction and thus no mortgage . . . is somehow notice that there must be one somewhere. And I just don't think that's the law. I don't think that's the fact.

Tr. (Appellants' App. No. 9) at 18.

### III.  DISCUSSION

The standard of review in a bankruptcy appeal for questions of law is de novo. In re Muncreif, 900 F.2d 1220, 1224 (8th Cir. 1990). Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig, 54 F.3d at 470. The nonmoving party may not "rest on mere allegations or

denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

11 U.S.C. § 544(a), which is commonly referred to as the "strong-arm clause" of the Bankruptcy Code, gives trustees the rights and powers of a judicial lien creditor as of the commencement of the bankruptcy petition (the "commencement date"). Section 544(a) provides:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a bona fide purchaser of real property, . . . whether or not such a purchaser exists.

The extent of the trustee's rights under § 544(a), however, "is measured by the substantive law of the jurisdiction governing the property in question." Smith v. Mark Twain Nat'l Bank, 805 F.2d 278, 284 (8th Cir. 1986). The property in this case is subject to the laws of Minnesota.

"Minnesota law permits a bona fide purchaser ('BFP') to avoid prior conveyances that have not been recorded in accordance with the law." In re Vondall, 364 B.R. 668, 670 (8th Cir. 2007). A BFP is defined as "one who in good faith pays value for an interest in property without actual, constructive, or implied notice of the inconsistent, outstanding rights of others."[2] Id. at 670-71. Under § 544(a) the trustee is deemed a bona fide purchaser without regard to the trustee's knowledge, thus, actual knowledge will not preclude a trustee from avoiding an unrecorded mortgage. A trustee with constructive or implied notice, however, is not a bona fide purchaser. See Id. (reciting the text of § 544(a) and then reviewing whether the trustee had constructive or implied notice to determine whether the trustee was a BFP); see also 9B Am. Jur.

---

[2] Implied notice is also referred to as inquiry notice.

2d Bankruptcy § 2011 ("Even though actual knowledge of the trustee or any creditor will not preclude the trustee from avoiding a transfer or obligation under the 'strong-arm clause,' this provision is generally construed to include only actual knowledge and not constructive or inquiry notice.").

The Eighth Circuit has provided the following definitions of constructive and implied notice:

> Constructive notice of a mortgage arises as a presumption of law from the existence of a properly recorded instrument. Constructive notice is strictly limited to what is set forth on the face of the mortgage. . . .
>
> Implied notice differs from constructive notice in that, "[it] relates to what one can learn by reasonable inquiry. It arises from actual notice of the circumstances, and not from constructive notice."

Vondall, 364 B.R. at 671 (internal citations omitted, quoting Charles v. Roxana Petroleum Corp., 282 F. 983, 988-89 (8th Cir. 1922)). The Minnesota Supreme Court has specifically held that "constructive notice of one recorded, inconsistent, prior interest in real property will not charge a subsequent purchaser with inquiry notice of another prior unrecorded conveyance to a third party." Anderson v. Graham Inv. Co., 263 N.W.2d 382, 385 (Minn. 1978).

Appellants do not assert that the Trustee had actual knowledge of the mortgage or the Satisfactions. Rather, Appellants contend that the Trustee had constructive notice of the Satisfactions because they were properly recorded. Appellants argue the Satisfactions, which reflect the repayment of two recent mortgages for substantial amounts, should have alerted a reasonable trustee to the potential existence of an unrecorded refinance mortgage. Accordingly,

Appellants contend that because the Trustee had constructive notice of the Satisfactions, she had inquiry notice of their mortgage.[3]

The Trustee asserts that inquiry notice must be based on actual knowledge of facts and not constructive notice. Accordingly, the Trustee asserts that she has the rights of a bona fide purchaser and may avoid the mortgage. The Minnesota Supreme Court in Anderson, 263 N.W.2d at 385, determined inquiry notice must be based on actual notice of the circumstances and not constructive notice. Appellants, however, contend that the rule set forth in Anderson was limited to the facts of that case and does not apply to situations involving hypothetical purchasers.

In Anderson, Patricia Arnold sold equitable interests in three subdivided meets-and-bounds parcels to three different purchasers, the Cooks, Matthewses, and Houdes. Id. at 383. Unbeknownst to the purchasers, Arnold subsequently sold the entire tract to Sandra Sue Anderson. Id. The Houdes failed to record their interest in the property before Anderson's purchase. Id. Accordingly, Anderson asserted she was a BFP and sought to have the Houdes' mortgage declared void. Id. The Houdes asserted that because Anderson had constructive notice of the Cooks' mortgage, which was properly recorded, "such constructive notice should be held to put a reasonable purchaser on further inquiry which would have disclosed the Houdes' unrecorded interest, thus defeating [Anderson's] status as a good faith purchaser." Id. at 384. The question presented by the facts of the case was: "whether the existence of the Cooks' recorded interest, despite the fact that Anderson had no actual knowledge of it, should be treated

---

[3] Appellants do not contend that the Trustee had constructive notice of the mortgage, and certainly they could not. As a matter of law, the Trustee cannot have constructive notice of the mortgage because it was not properly recorded.

as actual knowledge of a fact which would put a reasonably prudent person on inquiry as to the existence of any other outstanding interest, including the Houdes' prior unrecorded interest." Id. The Court concluded:

> Posing the question under the facts of this case makes obvious the answer that constructive notice cannot be expanded to supply the absence of actual knowledge of facts necessary to support proof by inference of implied notice. Where we have found implied notice, it has been based upon actual knowledge of facts which would put one on further inquiry, not upon imputed record notice of such facts.

Id. at 384-85.

Appellants contend that in using the phrase, "Posing the question under the facts of this case," the court intended to signal that its holding was limited to the facts of the case before it. A full reading of the court's opinion, however, suggests an alternative interpretation–that the application of law to the particular facts of the case demonstrated the answer to the issue was "obvious." The court reiterated its holding in a manner that makes clear that the rule announced in Anderson is not strictly limited to the factual context: "We conclude, and specifically hold, that constructive notice of one recorded, inconsistent, prior interest in real property will not charge a subsequent purchaser with inquiry notice of another prior unrecorded conveyance to a third party." Id. at 385.

Appellants also assert that because Anderson did not involve a hypothetical purchaser, the rule that inquiry notice may not be based on constructive notice does not apply in this case. Appellants do not cite, and this Court has not found, any support for that proposition in the Eighth Circuit or in any Minnesota cases. Appellants cite two cases, one from the Western District of Missouri and one from the Western District of Pennsylvania, in which the trustee was charged with implied notice based on constructive notice of properly recorded documents.

Appellants' Br. at 9 (citing In re Lauver, No. CV01-979, 2007 WL 2153239 (Bankr. W.D. Pa. July 24, 2007), and In re Gresham, Bankr. No. 06-21107, Adv. No. 02004, 2007 WL 2398586 (Bankr. W.D. Mo. Aug. 17, 2007)).  The cases cited by Appellants are of no precedential value.  Both cases apply the substantive law of states which, unlike Minnesota, appear to lack a clear rule stating that inquiry notice of an unrecorded document may not be based on constructive notice of a "recorded, inconsistent, prior interest in real property."  Anderson, 263 N.W.2d at 385.

In their reply, Appellants assert that the Minnesota Supreme Court overruled Anderson in Miller v. Hennen, 438 N.W.2d 366 (Minn. 1989).  Appellants' Reply Br. at 2.  To the contrary, the court's holding in Miller conforms to the rule set forth in Anderson.  In Miller, the court held that a party had inquiry notice because of that party's actual knowledge of the circumstances.  438 N.W.2d at 371 ("These mortgages, however, may be considered 'actual knowledge of facts which would put one on further inquiry.'" (quoting Anderson, 263 N.W.2d at 384-85)).

Although Judge Kressel reached the issue of whether the Satisfactions set forth facts that give rise to inquiry notice, because the Trustee had only constructive notice of the Satisfactions, Appellants' Br. at 6, and not actual notice, the Court need not determine whether the facts on the face of the Satisfactions would give rise to a duty to inquire.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Appellants' Appeal [Docket No. 1] is **DENIED**;

2.  United States Bankruptcy Judge Robert J. Kressel's October 3, 2007, Order, is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


        s/Ann D. Montgomery       
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 29, 2008.